## No. 13,085.

### IN RE ERNEST WENCK, PRAYING FOR POSSESSION.

#### SYLLABUS.

1. If an assessor, upon an examination of title deeds, ascertains that certain property is that designated by a certain municipal numerical number in a certain square fixed also by number bounded by four named streets with measurements to the lot substantially correct, and makes his assessment thereof according to such numbers and description, he as fully and much more conveniently fixes the identity of the property, as he would by following the description thereof given in the act by which it was purchased.
The latter description is frequently long and involved and fixes the identity of the property, by reference to numbers of plans and maps, difficult to be found and frequently lost.
The assessor is not bound to describe the lot as No. 12 of a certain plan, made by Pil e, when in point of fact it is Municipal Lot No. 6, of Square No. 494, bounded by Elysian Fields, Marais, Marginy and Urquhart streets.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.*

---

*Charles H. Osterberger* for Mrs. C. E. Berges, Plaintiff in Injunction, Appellant.

---

*Dart & Kernan* for Ernest J. Wenck, Defendant in Injunction, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiff alleged that he had purchased at a tax sale made by the Tax Collector of the Third District of the Parish of Orleans for the State taxes of 1896, certain property which he described; that a deed was issued to him for said property on August 21st, 1897, by act before Zengel, notary, which was duly registered on August 23, 1897; that by the terms of said act he was entitled to be placed in physical possession of the property. He prayed for a writ of possession directed to the sheriff of Orleans, ordering him to place him in possession. An order issued as prayed for.

Execution of the writ was enjoined by the court upon the petition of Mrs. Marceline Du Coms, wife of Camille Berges, in which she averred that she was the owner of the following described property, to-wit:

A certain lot of ground with improvements thereon situate in the Third Municipal District of this city in square No. 494, bounded by Elysian Fields, Urquhart, Marigny and Marais streets, designated as lot No. 12, on a plan drawn by J. Pille, on the —— day of ——, 18—, which lot of ground measures thirty-five feet ten inches front on Elysian Fields street, by a depth and front on Urquhart of one hundred and six feet ten inches between parallel lines forming the corner of Elysian Fields and Urquhart streets; that she acquired the same by purchase on the 1st day of May, 1891, by act passed before Paul Fourchy; that Ernest J. Wenck, a resident of this city, has obtained an order of possession herein directing the sheriff to put him in possession of your petitioner's aforesaid property pretending that he acquired the same at a sale made by the State Tax Collector for the Third Municipal District of this city to enforce the payment of the State tax due thereon for the year 1896, by act passed before Fred Zengel, notary, on the 21st day of August, 1897, and that the time for the redemption thereof, has elapsed.

"Your petitioner avers that the aforesaid pretended sale of her herein above described property is absolutely null and void, for this, to-wit:

"That the assessment thereof is null and void;

"That the pretended assessment does not properly describe the property;

"That it does not identify the property as the property of your petitioner;

"That no notice was ever served upon your petitioner as required by law notifying your petitioner that her aforesaid property would be sold for the delinquent State taxes of 1896;

"That the aforesaid property was not advertised for sale as required · by law, that what purports to have been an advertisement thereof is no advertisement at all, as it did not describe your petitioner's property sufficiently to identify same, nor was it advertised for the period of time required by law;

"That your petitioner was ignorant of the pretended acquisition of her aforesaid property by the aforesaid Ernest J. Wenck, until after one year had elapsed;

"That he never notified her that he had purchased her property;

"That unless restrained by law the civil sheriff of this parish will dispossess your petitioner of her aforesaid property and place the aforesaid Ernest J. Wenck in possession thereof to her great and irreparable injury;

"That under the laws of this State for such cases made and provided your petitioner is entitled to the right of redemption of her aforesaid property within one year from the time notice of the sale thereof has been given;

·"That a writ of injunction is necessary in the premises to protect her aforesaid rights."

In view of the premises she prayed that an injunction issue directed to the sheriff restraining him from disturbing petitioner in the peaceful enjoyment and possession of her property; that Ernest J. Wenck be cited and that after due proceedings there be judgment in her favor annulling his aforesaid tax title and declaring same to be inoperative, null, void and of no effect, and that the injunction be made perpetual, and for general and equitable relief.

The defendant in injunction answered. After pleading the general issue he averred that he purchased the property in question at a tax sale made by the State tax collector for the Third District of the city of New Orleans as evidenced by a deed issued to him by act before Fred. Zengel, notary public, on the 21st day of August, 1897.

That said tax sale was duly and regularly made after all the requirements of the law had been duly complied with; and that respondent's title to said property was good and valid.

That the allegations upon which this injunction was obtained were unfounded in law and fact and were untrue.

That the injunction issued should be dissolved with one hundred and twenty-five dollars damages as attorney's fees.

### OPINION.

Defendant in injunction obtained a writ of possession based upon the allegation that he was the owner of a certain lot of ground and improvements thereon, situated in the Third District of the city of New Orleans, designated by the number 6 of square No. 494, bounded by Marigny, Elysian Fields, Marais and Urquhart streets, measuring thirty-five feet front on Elysian Fields by 106 feet in depth, as having purchased the same at tax sale on the 23rd of August, 1897, made by the State tax collector for the Third District of the parish of Orleans.

The writ of possession is not in the record but it is presumed it followed the application and order for the writ.

In the tax deed the property is described as recited in the petition for possession.

The execution of the writ was enjoined by Mrs. Marceline Du Coms, wife of Camille E. Berges.

In her petition she alleged herself to be the owner of "a certain lot with improvements thereon situate in the Third Municipal District of New Orleans, in square No. 494, bounded by Elysian Fields, Urquhart, Marigny and Marais streets, designated as lot No. 12, on a plan drawn by J. Pille, on the — day of ——, 18—, which lot measures thirty-five feet ten inches front on Elysian Fields street by a depth and front on Urquhart of one hundred and six feet ten inches between parallel lines, forming the corner of Elysian Fields and Urquhart streets."

That Ernest J. Wenck had obtained *"an order of possession herein directing the sheriff to put him in possession of petitioner's aforesaid property"*, pretending that he had acquired the same at a tax sale as per act before Zengel, notary.

She then proceeds to attack the sale as being absolutely null for special reasons assigned.

The assessment of the property is attacked on the claim that it does not properly describe the property—that it does not identify it as her property.

It will be noticed that it is not contended that the property assessed was not in fact her property; on the contrary, she distinctly avers

that the property covered by the order of possession is her property.

It is not charged that the sheriff had departed, or was about to depart, from the terms of the writ, but that by obeying the writ he would seize her property, of the ownership of which she had never been legally divested.

Had she made the allegation that the sheriff was attempting, by the writ, to place Wenck in possession of property other than lot No. 6, in Square No. 494, bounded as stated, an issue of fact would have been presented, and defendant in injunction would have doubtless offered evidence to establish the indentity of Lot No. 6, of Square No. 494 (evidently the municipal number of the lot), with Lot No. 12, of the Pille plan.

We think the pleadings of the plaintiff admit that, as a fact, the property referred to in the writ is that of the plaintiff described in the Pille plan (Genella vs. Vincent, 50 Ann., 964).

Leaving the question of fact and coming to a question of mere description in the assessment and advertisement of the property, we are of the opinion it was properly assessed and advertised.

In making an assessment, the assessor is not required to follow the description of property as made in the act of sale by which it was acquired. That description is frequently long and involved, and fixes the property by reference to other acts and deeds—in this very case reference is made to a plan drawn by J. Pille, on the — day of ——, 18—.

If the assessor, upon examination of the deed, ascertains that as a fact the property purchased is covered by a lot bearing a certain municipal number in a certain square fixed by number, bounded by four mentioned streets, with measurements given to the lot, and makes his assessment by this description, he as fully (and much more conveniently) fixes the identity of the property as he would by attempting to follow the description given in the act of purchase.

There is unquestionably such a property as Lot No. 6, of Square No. 494, in the square bounded by Elysian Fields, Urquhart, Marigny and Marais streets. If that property does not belong to the plaintiff, but to some one else, the actual owner of it is much more interested in attacking a tax sale thereof than is Mrs. Berges.

Of course the latter is interested in preventing herself from being ejected from property belonging to her under a tax sale of some other property, but the allegations of a petition for injunction based on such

a state of facts would be different from those which would be made in case of an erroneous description of property really belonging to her.

If the assessment so far as description was concerned was correct, an advertisement under the same description would be also correct.

We are satisfied, under the evidence, that the contention made in the pleadings that no notice was ever served upon the plaintiff, is not well founded in fact.

We are not informed by the pleadings in what respect the advertisement was insufficient as not having been made for the period of time required by law. This court can not be expected to look up defects for parties which they do not deem of sufficient importance to specify.

For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.

Rehearing refused.